UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AVELINO VILLARES-ASTUDILLO, ) | CASE NO. 4:12 CV 2942 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., ) | AND ORDER |
| ) | |
| Respondents. ) | |

INTRODUCTION

On November 29, 2012, Petitioner *pro se* Avelino Villares-Astudillo, an inmate at the Northeast Ohio Correctional Center ("NEOCC"), filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the District of Minnesota in 2010, pursuant to a guilty plea, of Illegal Re-Entry After Deportation. *See, United States v. Villares-Astudillo*, Dist. Minn. Case No. 7:10 CR 572-001. As grounds for the Petition, he asserts: 1) there was a procedural error in his sentencing which resulted in an increased offense level; 2) his conviction was invalid because he was never properly deported; 3) the sentencing guidelines dealing with downward departure should have been applied in a manner to reduce his sentence; and 4) as an alien he is not eligible to be released to a halfway house or home confinement. For the reasons stated below, this action is dismissed.

LAW AND ANALYSIS

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the § 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner seeks to raise issues that could and must be raised, if anywhere, in a § 2255 motion. The Petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims. Further, to the extent Petitioner seeks to challenge the conditions of his confinement, habeas corpus is not the appropriate vehicle to do so. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Luedtke v. Berkebile*, — F.3d —, 2013 WL 163649 (6th Cir. Jan. 16, 2013).

CONCLUSION

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/13/13